Carolyn Bauernschmidt PURIFOY, etc., et al., Appellees,

v.

MERCANTILE–SAFE DEPOSIT AND TRUST COMPANY, Trustee, etc., et al., Appellants.

Carolyn Bauernschmidt PURIFOY, etc., et al., Appellees,

v.

Rear Admiral George W. BAUERN-SCHMIDT et al., Appellants.

Nos. 75–1691 and 75–1692.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 12, 1975.

Decided Dec. 14, 1977.

Daniel H. Honemann, Allan H. Fisher, Jr., Baltimore, Md. (Walter E. Black, Jr., Robert Sloan, III and David M. Tralins, Baltimore, Md., on brief), for appellants.

Donald C. Greenman, William A. Snyder, Jr., Baltimore, Md. (Ben G. Miller, Ober, Grimes & Shriver, Baltimore, Md., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge and RUS-SELL, Circuit Judge.

PER CURIAM:

This is the final chapter in this court and in the Court of Appeals of Maryland of this action.* In this finality we affirm the Dis-

---

* Because the facts, statutes and general law of the State relevant to this litigation have been scrupulously laid out by the Court of Appeals of Maryland, we prefer to cite its opinions for this background rather than attempt a recounting of it. *Mercantile-Safe Deposit and Trust* *Co., Trustee, et al. v. Carolyn Bauernschmidt* *Purifoy, et al.,* 280 Md. 46, 371 A.2d 650 (1977); *Carolyn Bauernschmidt Purifoy, et al. v. Mer-cantile-Safe Deposit and Trust Company, Trus-tee, et al.,* 273 Md. 58, 327 A.2d 483 (1974).

trict Court's judgment of April 15, 1975, declaring Carolyn Bauernschmidt Purifoy to be a "child" of William Bauernschmidt, Jr. within the meaning of the several testamentary and trust instruments involved in these actions.

The Maryland Court has reached this conclusion, first, upon construing the State statutes, and then in interpreting the terms of the instruments for their meaning and effect under the non-statutory law of Maryland, leaving this court to decide the validity of this conclusion under the Fourteenth Amendment's due process clause.

In our view the invocation of the 1961 Amendment of Art. 16, § 78(c), Md.Ann. Code, by the Court of Appeals of Maryland to determine that Carolyn Purifoy was a beneficiary-remainderman under the trust instruments in suit, all of which were executed and became effective before June 1, 1947, was not, as the appellants urge, an unconstitutional retroactive divestiture of interests already vested under those instruments. The reason is that under Maryland law, as enunciated by its Court of Appeals, those interests did not absolutely vest until the death of the life tenant in 1972.

Twice in this controversy have we sought the advice of the Court of Appeals of Maryland upon the law of the State in regard to the issues posed in these causes. The requests were at once honored. Despite the complexity of the questions, the responses of the Court have been immediate and are full and forthright. The result has been not only to relieve us of extensive research but, more, the Maryland Court's opinion is definitive, whereas ours on State law would not have that conclusiveness. This expression of appreciation is tendered to the dissenting Maryland judges as well, for their views sharpen the implications of the majority opinion. It is meet that our gratitude be put of record.

The judgment of the District Court on appeal will not be disturbed.

Affirmed.